UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| RONALD MILLER, | } | |
| | } | Cause No. 3:15-CV-746-CRS |
| Plaintiff, | } | |
| | } | |
| v. | } | **COMPLAINT** |
| | } | |
| JAVITCH BLOCK LLC | } | |
| d/b/a Javitch, Block and Rathbone | } | JURY TRIAL DEMANDED |
| | } | |
| <u>SERVE</u>: | } | |
| CT Corporation System | } | |
| 4169 Westport Road | } | |
| Louisville, KY 40207 | } | |
| | } | |
| Defendant. | } | |
| | } | |

The Plaintiff, Ronald Miller, by counsel, for his Complaint against the Defendant, Javitch Block, LLC d/b/a Javitch, Block, and Rathbone, states as follows:

## I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff against the Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, known as the "Fair Debt Collection Practices Act," hereafter the "***FDCPA,***" which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith.

## II.     PARTIES

2.     The Plaintiff, Ronald Miller ("***Plaintiff***" or "***Mr. Miller***"), is an individual and a citizen of the Commonwealth of Kentucky, residing in Jefferson County. Plaintiff is a "***consumer***" as that term is defined in the FDCPA with respect to the matters referred to herein.

3.     Defendant, Javitch Block LLC ("***Defendant***" or "***Javitch Block***"), is a law firm and a limited liability company organized and existing under the laws of the State of Ohio, with principal offices located at 1100 Superior Avenue, 19th Floor, Cleveland, Ohio 44114.

4.     At all pertinent times herein, in this judicial district, Defendant regularly used the mails to collect debts owed or asserted to be owed or due another, namely, National Collegiate Loan Trust 2003-1, and/or otherwise engaged in a business the primary purpose of which was the collection of consumer debt owed or due or asserted to be owed or due another.

5.     Defendant is a "***debt collector***" as said term is defined in the FDCPA and with respect to the matters cited herein.

## III.     JURISDICTION AND VENUE

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Venue in this District is proper because the Defendant transacts business in this District, Plaintiff is a resident of this District and the conduct complained of occurred here.

## IV.     FACTS

7.     On or about December 14, 2010, Defendant sent a letter via the mails to Plaintiff seeking to collect a debt on behalf of National Collegiate Loan Trust 2003-1 relating to an alleged guaranty of a promissory note for a student loan (hereafter, the "***subject debt***").

8. On or about December, 27, 2010, Plaintiff sent Defendant a letter wherein Plaintiff disputed the validity of the debt.

9. Thereafter, Defendant continued to collect the debt without first obtaining verification of the debt and mailing a copy of the verification to Plaintiff.

10. On or about November 9, 2011, on behalf of National Collegiate Loan Trust 2003-1, Defendant caused a lawsuit to be filed against Plaintiff in Jefferson Circuit Court, Division 11, Case No. 11-CI-007285, styled *National Collegiate Loan Trust 2003-1 v. Ronald Miller* et al. (the "*lawsuit*"), seeking to collect the subject debt.

11. Although National Collegiate Loan Trust 2003-1 did not possess the promissory note sued on, and thus was not entitled to enforce the note, Defendant, on behalf of National Collegiate Loan Trust 2003-1, filed motions for judgment on the pleadings and for summary judgment.

12. On or about January 29, 2013, Plaintiff retained counsel to defend the claims asserted in the lawsuit.

13. On or about August 9, 2013, Defendant filed a motion for summary judgment in the lawsuit, seeking to collect $24,122.19, plus 4.95% interest thereon from October 15, 2011 until paid in full, plus costs.

14. On or about June 11, 2014, the circuit court for Jefferson County entered an interlocutory order and opinion granting Defendant's motion for summary judgment. However, the court did not enter a final and appealable judgment.

15. Although a judgment had not been entered, on or about September 19, 2014, Defendant filed an affidavit of garnishment (non-wage) in the office of the Jefferson Circuit

Court Clerk, seeking to seize deposit funds held in Plaintiff's bank accounts at L&N Federal Credit Union.

16. On or about December 24, 2014, Defendant caused a judgment lien to be lodged against Plaintiff's real estate in the land records office of the Jefferson County Clerk.

17. On or about January 13, 2015, Defendant filed a bill of costs in the amount of $333.00 in the office of the Jefferson Circuit Court Clerk, including $180 for service of process fees.

18. On information, in connection with its attempts to collect the subject debt from Plaintiff, Defendant misrepresented the character, amount, and/or legal status of the debt.

19. In its affidavit of garnishment, judgment lien, and bill of costs, Defendant misrepresented that a judgment had been entered against Plaintiff and sought to collect amounts that were not authorized by the agreement creating the debt or permitted by law, including interest, principal, costs, fees, and other charges.

20. In the bill of costs, Defendant misrepresented that it incurred service of process fees of $180.

**COUNT I: FALSE, DECEPTIVE, OR MISLEADING REPRESENTATIONS**

21. Plaintiff reiterates and incorporates herein Paragraphs 1 to 20.

22. Defendant's representations to Plaintiff were materially false, deceptive, and/or misleading.

23. Defendant's conduct as alleged herein constitutes violations of the FDCPA in that Defendant misstated the amount of the debt in the affidavit of wage garnishment, bill of costs, and judgment lien. 15 U.S.C. § 1692e(2)(A).

24. In the affidavit of garnishment, Defendant also made false, deceptive, or misleading representations regarding the subject debt, its character and legal status, specifically, that:

    a. Plaintiff owed certain debts when Plaintiff did not owe said debts,

    b. a judgment had been entered against Plaintiff;

    c. the failure to pay the debt will result in a garnishment and judgment lien, when such action was unlawful; and,

    d. the subject debt included interest and costs, when such charges were not expressly authorized by agreement or permitted by law. 15 U.S.C § 1692e(2)(A); 15 U.S.C. § 1692e(4); 15 U.S.C. § 1692e(5); 15 U.S.C. § 1692e(10).

25. In addition, in the bill of costs and judgment lien, Defendant failed to disclose that it was a debt collector, in violation of 15 U.S.C. § 1692e(11).

26. Defendant's unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, pain and suffering, inconvenience, turmoil, disgrace, embarrassment, anxiety, humiliation, physical and mental upset, stress, embarrassment, loss of commercial viability, loss of credit opportunities, invasion of privacy, pecuniary loss, and damage to credit rating, credit score, reputation, and perceived credit worthiness,

27. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

28. Defendant's conduct as herein alleged entitles Plaintiff to relief against the Defendant in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

### COUNT II: UNFAIR PRACTICES

29. Plaintiff reiterates and incorporates herein Paragraphs 1 to 20.

30. Defendant's conduct, as alleged herein, constitutes violations of the FDCPA in that Defendant used unfair or unconscionable means to collect or attempt to collect the subject debt, by, *inter alia* by seeking to collect amounts that were not authorized by agreement or permitted by law. 15 U.S.C. § 1692f(1).

31. Defendant's unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, pain and suffering, inconvenience, turmoil, disgrace, embarrassment, anxiety, humiliation, physical and mental upset, stress, embarrassment, loss of commercial viability, loss of credit opportunities, invasion of privacy, pecuniary loss, and damage to credit rating, credit score, reputation, and perceived credit worthiness.

32. Defendant's conduct as herein alleged entitles Plaintiff to relief against the Defendant in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

### COUNT III: VIOLATION OF VALIDATION RIGHTS

33. Plaintiff reiterates and incorporates herein Paragraphs 1 to 20.

34. Within five (5) days after filings its bill of costs, wherein the Defendant sought to collect $330 in costs, the Defendant failed to send Plaintiff the information required by 15 U.S.C. § 1692g(a).

35. Defendant's unlawful actions as described above and as set forth above, caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, pain and suffering, inconvenience, turmoil, disgrace, embarrassment, anxiety, humiliation, physical and mental upset, stress, embarrassment, loss of commercial viability, loss of credit opportunities, invasion of privacy, pecuniary loss, and damage to credit rating, credit score, reputation, and perceived credit worthiness.

36. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

37. Defendant's conduct as herein alleged entitles Plaintiff to relief against the Defendant in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

## COUNT IV: WRONGFUL GARNISHMENT

38. Plaintiff reiterates and incorporates herein Paragraphs 1 to 20.

39. On September 19, 2014, Defendant issued a garnishment of Plaintiff's bank accounts, without good cause.

40. Pursuant to KRS 411.080, Plaintiff is entitled to recover from the Defendant an award of damages, plus reasonable attorney's fees.

41. Additionally, Defendant's conduct as herein alleged was done with malice, willfulness or wanton disregard of the rights of others, warranting the imposition of punitive damages.

42. The Defendant knew or should have known that its conduct would cause Plaintiff to suffer severe emotional distress.

43. As a direct and proximate result of Defendant's conduct, as herein alleged, Plaintiff suffered severe emotional distress.

44. Based on the tort of intentional or negligent infliction of emotional distress, Plaintiff is entitled to recover from the Defendant an award of actual damages.

45. Additionally, Defendant's conduct, as herein alleged, was done with malice, willfulness or wanton disregard of the rights of others, warranting the imposition of punitive damages.

### COUNT V: WRONGFUL USE OF CIVIL PROCEEDINGS AND ABUSE OF PROCESS

46. Plaintiff reiterates and incorporates herein Paragraphs 1 to 20.

47. Defendant maliciously instituted and maintained civil proceedings against Plaintiff, and specifically, instituted and used civil process to seize Plaintiff's bank accounts and to create a lien against his residence, without probable cause and/or for an improper purpose, resulting in damages to Plaintiff in the form of pecuniary loss, emotional distress, mortification, and loss to reputation.

48. Based on the torts of wrongful use of civil proceedings and abuse of process, Plaintiff is entitled to recover from the Defendant an award of actual damages.

49. Additionally, Defendant's conduct, as herein alleged, was done with malice, willfulness or wanton disregard of the rights of others, warranting the imposition of punitive damages.

50. Plaintiff reiterates and incorporates herein Paragraphs 1 to 20.

51. The Defendant's conduct, as alleged herein, was outrageous, intolerable, and offensive to generally accepted standards of morality and decency.

52. The Defendant knew or should have known that its conduct would cause Plaintiff to suffer severe emotional distress.

53. As a direct and proximate result of Defendant's conduct, as herein alleged, Plaintiff suffered severe emotional distress.

54. Based on the tort of intentional or negligent infliction of emotional distress, Plaintiff is entitled to recover from the Defendant an award of actual damages.

55. Additionally, Defendant's conduct, as herein alleged, was done with malice, willfulness or wanton disregard of the rights of others, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ronald Miller, by counsel, demands relief against the Defendant, Javitch Block LLC, as follows:

A. Entry of a Judgment against Defendant to compensate Plaintiff for his actual damages sustained as set forth in above Counts.

B.     Entry of a Judgment under the about Counts for any and all maximum statutory damages provided under applicable federal or state statute.

C.     Entry of a Judgment against Defendant for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

D.     Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law.

E.     Trial by jury on all issues so triable.

F.     Entry of an order temporarily and permanently enjoining Defendant from future, similar violations of the FDCPA and directing it to discharge, quit, satisfy and/or pay the subject debt and cause any adverse credit information referencing the debt to be deleted and removed from any consumer report concerning Plaintiff.

G.     An award of attorneys' fees and costs herein incurred.

H.     Any and all other relief to which he may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

Respectfully submitted,

*/s/ Zachary L. Taylor*
ZACHARY L. TAYLOR
9900 Corporate Campus Drive
Suite 3000
Louisville, Kentucky 40223
Phone | Fax: (502) 822-2500
ztaylor@taylorlawcenter.com

*Counsel for Plaintiff, Ronald Miller*